**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.D.-1 and S.D.-2**

**No. 24-652** (Lewis County CC-21-2023-JA-57 and CC-21-2023-JA-58)

**MEMORANDUM DECISION**

Petitioner Father E.D.[1] appeals the Circuit Court of Lewis County's October 8, 2024, order terminating his parental rights to S.D.-1 and S.D.-2, arguing that the circuit court erred by denying his request for an extension of his improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2023, the DHS filed a petition alleging that the petitioner and the mother abused and neglected the children by using drugs to the detriment of their parenting abilities and failed to provide for the children's medical and educational needs. Specifically, the DHS alleged that then-fifteen-year-old S.D.-1 reported to a Child Protective Services ("CPS") worker that he saw drugs and drug paraphernalia in his parents' possession. The DHS further alleged that both children had not seen a doctor or a dentist in approximately five years and that then-eight-year-old S.D.-2, who is developmentally and physically disabled, was not enrolled in school.

In January 2024, the court held an adjudicatory hearing at which the petitioner stipulated to abusing and neglecting the children by abusing drugs to the detriment of his parenting ability and neglecting the children's medical and educational needs. Thus, the court adjudicated the petitioner of abusing and neglecting the children. In March 2024, the court granted the petitioner's written motion for a post-adjudicatory improvement period. The terms of his improvement period required, among other things, that he maintain sobriety, participate in drug treatment, attend therapy, obtain employment, participate in parenting classes, and submit to regular drug screens.

In September 2024, the court held a dispositional hearing at which several witnesses testified to the petitioner's lack of progress in his improvement period and his continued drug use. The petitioner testified and confirmed that he missed screens but stated that he was "probably

---

[1] The petitioner appears by counsel Thomas J. Prall. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Melissa T. Roman appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because the children share the same initials, we use numbers to differentiate them.

working" or sick. He also admitted that he missed several of S.D.-2's medical appointments but nonetheless requested a three-month extension of his post-adjudicatory improvement period. In the resulting dispositional order, the court listed several instances of the petitioner missing drug screens and found that the petitioner and the mother "engaged in an intentional and deliberate pattern of jointly missing drug screens on Friday's, Monday's [sic], back[-]to[-]back days, and immediately before and/or after holidays, and failed to provide any explanation as to why." The court found that the petitioner's buprenorphine and naloxone levels were inconsistent with his prescribed Suboxone and indicated that he was not using the Suboxone as prescribed. Additionally, the petitioner tested positive for amphetamine, methamphetamine, and fentanyl during his improvement period. The court addressed the petitioner's argument that his slow hair growth caused his positive results on the hair follicle drug tests but concluded that the results fluctuated in a pattern indicative of continued drug use. Specifically, the court explained that the petitioner's methamphetamine levels in August 2024 were nearly four times higher than they were in May 2024 which, in combination with his strategic failure to participate in urine screens, indicated recent methamphetamine use. The court noted that then-nine-year-old S.D.-2 had many disabilities, was nonverbal, and required complex, around-the-clock care yet the petitioner failed to attend the child's medical appointments as required by the terms of his post-adjudicatory improvement period. The court further noted that S.D.-1 "repeatedly expressed to his guardian ad litem, social worker and the kinship provider that he does not desire to be reunified with his parents and from his interactions with them, does not believe they are sober" and that "his parents are unable to properly care for [S.D.-2]." Based upon these findings, the court determined that the petitioner failed to successfully complete his improvement period and was unwilling or unable to provide for the children's needs. The court denied any request for a further improvement period or extension because the petitioner failed to demonstrate that he was likely to fully participate, did not demonstrate any change in circumstances, and continued to abuse drugs and medically neglect his children. Ultimately, the court found that adoption was in the children's best interests because it would provide them with the most stability and permanency, especially given S.D.-2's need for around-the-clock, intensive care, and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, the court terminated the petitioner's parental rights to the children. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by denying his request for an extension of his post-adjudicatory improvement period. However, in order to receive an extension to an improvement period, the parent must, among other requirements, "substantially compl[y] with the terms of the improvement period." W. Va. Code § 49-4-610(6). Here, the court found that the petitioner did not comply with those terms by missing numerous drug screens, continuing to abuse drugs, and missing nearly all of S.D.-2's medical appointments. As such, the court did not err by denying the petitioner's request for an extension of his post-adjudicatory improvement period and he is entitled to no relief. *See In*

---

[3] The mother's parental rights were terminated below. The permanency plan for the children is adoption in the current placement.

*re Katie S.*, 198 W. Va. 79, 90, 479 S.E.2d 589, 600 (1996) (explaining that the circuit court did not abuse its discretion in denying a request for an extension of an improvement period when the parent failed to comply with the terms contained therein).

Inasmuch as the petitioner argues that termination of his rights was not the least restrictive alternative, we stress that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). There is no such likelihood when the parent is "addicted to alcohol, controlled substances or drugs to the extent that proper parenting skills have been seriously impaired" or when the parent has "not responded to or followed through with a reasonable family case plan." W. Va. Code § 49-4-604(d)(1) & (3). Here, the court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because the petitioner made no progress or improvement throughout the proceedings and continued using drugs. The court further found that termination of the petitioner's parental rights was in the children's best interests because adoption would provide the most stability and permanency. We decline to disturb the court's findings in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**NOT PARTICIPATING**:

Chief Justice William R. Wooton

3